## GAFF ET AL. *v.* HUTCHINSON ET AL.

PLEADING.—*Suit on Account.*—Different items of an account, having no connection with each other, may be joined in one paragraph, either in a complaint or in an answer by way of set-off.

PRACTICE.—*Filing Additional Paragraph.*—It is no abuse of discretion in the court to permit an additional paragraph of answer to be filed alleging pay-

ment, after paragraphs by way of set-off have been filed.   Nor is it an abuse of discretion in the court to refuse the plaintiff leave to file an additional paragraph of complaint after answer. The proposed additional paragraph of complaint was not in this case set out on appeal to this court.

SAME.—*Motion to Strike Out Special Denial.*—It is not error to strike out, on motion, a special denial in reply, there being a general denial in already.

SAME.—*Amendment of Complaint on Terms after Review of Judgment.*— Where, on proceedings in review, a judgment has been set aside, leave to amend the complaint by adding an item of five thousand dollars, not embraced in the original complaint, was properly granted only on the terms that the plaintiff pay the costs accrued in the case since the issues were formed.

SAME.— *Verdict.*—*Certainty.*—A verdict is sufficiently certain where the finding is for a sum named, with six per cent. per annum from a date fixed.

SAME.—*Bill of Exceptions.*—*Filing in Time.*—*Inspection by Opposite Counsel.* Where judgment was rendered on the 31st of December, and ninety days were given within which to file a bill of exceptions, and the paper containing the exceptions was indorsed by the judge, "Prepared and presented to me for my signature, this 29th day of March, by the plaintiff's attorneys, and not signed till shown to the opposite attorneys," and the exceptions were finally signed on the 29th of June, over the objection of the defendant, and filed in the clerk's office on the 27th of August, the paper was no part of the record.

Where time is given beyond the term in which to file a bill of exceptions, it must ordinarily, if not in all cases, be filed within the time limited.

It is a commendable practice to require the bill of exceptions to be prepared in time to enable the judge and opposite counsel to examine it conveniently.

SAME.—*Pleading.*—*Judgment.*—Where the complaint consisted of paragraphs sounding in contract, demanding ten thousand dollars, and one paragraph of the answer was by way of set-off, that the plaintiff was indebted to defendant ten thousand one hundred and eighty-four dollars and seven cents, and demanding judgment for that sum, and another paragraph was a plea of payment, and the reply was a denial, judgment might properly be rendered for the defendant in any sum not exceeding the amount claimed in the answer.

APPEAL from the Gibson Common Pleas.

WORDEN, C. J.—This was an action by the appellants against the appellees on matters arising upon contract.   The defendants pleaded, amongst other things, a set-off.  Issue, trial, and verdict for defendants, as follows, viz.:

"We, the jury, find for the defendants and assess their damages at six thousand dollars, with interest at six per cent. per annum from the 25th day of January, 1865.

[Signed:]                    "WILLIAM DAVIS, Foreman."

*Gaff et al. v. Hutchinson et al.*

The court, having overruled motions for a *venire de novo*, for a new trial, and in arrest of judgment, made by the plaintiffs, rendered judgment for the defendants on the verdict for the amount thereof, including the interest from the time mentioned therein.

The plaintiffs below appeal, and assign twenty-nine errors. We need not notice, in detail, all the errors assigned, but we will consider such points presented by them as legitimately arise in the record.

The defendants' set-off consisted of numerous items, set out in a bill of particulars, giving some credits and claiming a balance in their favor of over ten thousand dollars. Amongst the items of set-off thus pleaded, were two charges, one for the hire of a barge called the "Coal Hill," and the other for the hire of the barge called the "Lioness," each for five hundred and three days, at the rate each of five dollars per day. The plaintiffs moved that these items "be paragraphed separately, because the same constitute a separate and distinct cause of action from all the other items in the answer;" but the court overruled the motion, and the plaintiffs excepted. There was no error in this ruling. Different items of an account, having no connection with each other, may be joined in one paragraph. Otherwise, a merchant suing upon an account for goods sold and delivered would be required to have as many paragraphs in his complaint as there were disconnected items in the account; or a man suing upon, or setting up by way of set-off, an account for a bushel of apples sold at one time, a bushel of potatoes at another, a dozen eggs at another, and so on indefinitely, would be required to furnish a separate paragraph for each item.

After the defendants had filed an answer of three paragraphs, the court permitted them to file a fourth, alleging payment. In this we see no error or abuse of discretion. The plaintiffs thereupon moved for a continuance, but made no showing of cause. The motion was overruled. There was no error in this. 2 G. & H. 117, section 97.

The plaintiffs moved for leave to file a fourth paragraph of complaint. What matter was proposed to be embodied in the paragraph to be added does not appear. The motion was overruled. This was a matter within the discretion of the court, and we do not see as there was any abuse of that discretion. The court, on motion of defendants, struck out a paragraph of the plaintiffs' replication. The paragraph stricken out was a special denial, a general denial being already replied. There was no error in this.

After there had been one trial of the cause, and certain proceedings by way of review had, in which a judgment which had been rendered was set aside, the plaintiffs moved for leave to amend their complaint by adding thereto an item of five thousand dollars not embraced in the original complaint. The court granted the leave, on the terms that the plaintiffs pay the costs that had accrued in the case since the issues had been formed. The plaintiffs excepted to the terms, but they seem to us to have been reasonable and proper. Such an amendment ought not to be permitted except upon such terms. The court very properly overruled a motion to reconsider the question.

The motions for a *venire de novo* and in arrest of judgment were based upon the theory that the verdict was insufficient. We are of opinion that the verdict was sufficient. The amount found for the defendants was six thousand dollars, with six per cent. interest thereon from a previous date named. There is no ambiguity or uncertainty about it, or any doubt as to the meaning of the jury. It is a maxim of the law that that is sufficiently certain which can be rendered certain. A simple computation only was necessary to fix the exact amount of the verdict so that it might be expressed in one sum. This computation the court might make and render judgment accordingly. Suppose, to illustrate, that there is a complaint of three paragraphs, setting up distinct claims, and the jury should find for the plaintiff and assess his damages on the first paragraph at one hundred dollars, and on the second paragraph at two hundred

dollars, and on the third paragraph at three hundred dollars; could not the court add the sums together and render judgment for the six hundred dollars? If so, the court in the case before us could make the necessary computation and render the proper judgment, for it is only a computation that is necessary in either case. In the case of *Barrett* v. *Wills*, 4 Leigh, 114, a verdict for the plaintiff "for the debt in the declaration mentioned, with interest from the 10th September, 1826, subject to a credit for fifty-three dollars paid on the 26th September, 1826," was held to be good, and that the court might render the proper judgment thereon. The statute provides, that "in actions for the recovery of money, the jury must assess the amount of the recovery." 2 G. & H. 206, sec. 338. We are of opinion that in this case the amount was sufficiently assessed by the jury.

We have thus passed upon all the questions that are properly presented by the record. The important questions in the cause, and those upon which the appellants rely mainly for a reversal, are those which arose on the trial of the cause, and are involved in the overruling of the motion for a new trial.

The bill of exceptions by which it is sought to present these questions was filed too late and cannot be deemed a part of the record.

The motion for a new trial seems to have been overruled and judgment rendered on the 31st day of December, 1868, and ninety days from that time were given the plaintiffs, within which to file a bill of exceptions. On the 29th day of March, 1869, a bill of exceptions was presented to the judge for his signature, who declined to sign the same, but he made and signed the following statement, viz.: "Prepared and presented to me for my signature this 29th day of March, 1869, by the plaintiffs' attorneys, and not signed till shown to the opposite attorneys."

The bill was finally signed by the judge on the 29th of June, 1869, the defendants objecting and excepting thereto,

and was not filed in the clerk's office until the 27th day of August, 1869.

Where time is given beyond the term, in which to file a bill of exceptions, it must ordinarily, if not in all cases, be filed within the time limited. There is nothing in this case, if there can be in any, that authorizes the filing of it after the time limited. The practice is quite commendable for the judge, as was done in this case, to require the bill to be shown to the opposite counsel, before signing it. Where opposite counsel thus have an opportunity to inspect a bill before it is signed, and are thus enabled to point out mistakes or omissions that might otherwise escape the scrutiny of the judge, the bill will be much more likely to be accurate than if signed without inspection by the opposite party. And, in our opinion, the bill ought to be prepared in such time as will give the opposite party a reasonable opportunity to examine it, if he desires to do so, or if the judge desires him to do so, and also to give the judge convenient time for examination, before the expiration of the time limited for the signing and filing of the same. In this case the bill was not signed until about three months, or filed until about five months, after the time limited; and yet no good reason appears why it might not have been signed and filed within the prescribed time.

We may observe that the charges of the court are not contained in the record, except as they are embodied in the bill; hence, as the bill of exceptions is no part of the record, the charges are in no manner before us.

The judgment will have to be affirmed.

The judgment below is affirmed, with costs and two per cent. damages.

## ON PETITION FOR A REHEARING.

WORDEN, C. J.—Upon a reconsideration of this case, on the petition for a rehearing, we find no cause to change the conclusion heretofore arrived at, nor do we think it neces-

sary to add anything to what was said in the original opinion, except upon one point, which was not fully considered in the original opinion. It was insisted in the original brief of the appellants, and again in the petition for rehearing, as one of the grounds on which the judgment should have been arrested, that the pleadings were not in such condition as to warrant a judgment in favor of the defendants for the amount recovered by them.

The complaint consisted of three paragraphs, sounding in contract, in which the plaintiffs demanded the sum of ten thousand dollars. The defendants pleaded the general denial, but this was afterward withdrawn, and may be regarded as never having been filed. They also pleaded, secondly, by way of set-off, that the plaintiffs were indebted to them in the sum of ten thousand one hundred and eighty-four dollars and seven cents, and demanded judgment for that sum. This paragraph was accompanied by a long bill of particulars, or statement of accounts between the parties, in which the plaintiffs are credited with some of the matters embraced in their complaint, and not with others, and also, we believe, with some not embraced in their complaint. The third paragraph of the answer is of no importance to the question involved. The fourth paragraph of the answer admitted the plaintiffs' cause of action, but averred payment thereof. Replication in denial of the second and fourth paragraphs of the answer.

Under these pleadings, it is quite clear, as we think, that judgment could properly have been rendered for the defendants for any amount not exceeding the amount claimed by them in their answer of set-off, viz., the sum of ten thousand one hundred and eighty-four dollars and seven cents. This must be so on every principle of pleading. The plaintiffs' cause of action was admitted, to be sure, because not denied, and it was expressly admitted in the fourth paragraph of the answer. But then it was averred to have been paid. It may have been paid. If the jury had found for the defendants for the whole amount claimed by them in their set-off,

this court could not say, without having the evidence before it, that the plaintiffs' claim had not been fully paid, nor that the amount found for the defendants was not due them. The pleadings in the cause are clearly sufficient to sustain the judgment rendered.

The petition for a rehearing is overruled.

*C. E. Marsh, W. S. Holman, J. E. McDonald, J. M. Butler,* and *E. M. McDonald,* for appellants.

*B. Hynes, L. Q. De Bruler, C. A. De Bruler,* and *A. Iglehart,* for appellees.