## EX PARTE SKEEN.

CRIMINAL LAW.—*Change of Venue.*—*Practice.*—Where a change of venue in a criminal case is taken from a circuit judge on the ground of his supposed prejudice, he may call any other circuit judge or common pleas judge to hold the circuit court and try such cause, either at the pending term or a succeeding regular or adjourned term; but the judge possesses no power to set such cause down for trial during vacation.

APPEAL from the Judge of the Ripley Circuit Court.

BUSKIRK, J.—The appellant was, at the February term, 1871, of the Ripley Circuit Court, indicted for seduction. At the August term, 1871, of said court, the appellant moved the court for a change of venue from the judge of said court on account of the bias and prejudice of the said judge toward him. The motion was granted, and the cause was set down for hearing at the court-house in Versailles, Ripley county, Indiana, at a special term of the court, to begin on the 5th day of December, A. D. 1871, before the Honorable William A. Moore, judge of the twenty-second judicial district.

At the time and place named, Judge Moore appeared and opened court. The court was then adjourned to the 18th day of December, 1871. On the 18th of December, 1871, the court met and adjourned to the second Monday in Jan-

uary, 1872. At the time named, the court met, when the appellant moved to quash the indictment. The motion was overruled, and an exception was taken. The appellant then, upon affidavit, moved to continue the cause. The motion was granted, and the case was set down for hearing on the fourth Monday in May, 1872. At the time named, the court met and adjourned from day to day, until the 10th day of June, 1872, on which day the appellant again applied for and obtained a continuance of the cause until the 26th day of November, 1872.

The court met on the 26th day of November, 1872, when the trial of the cause was commenced before a jury, and continued from day to day, until it was completed. The jury found the appellant guilty, and fixed his punishment at imprisonment in the county jail for the period of four months.

The appellant moved the court for a new trial, and in arrest of judgment, which motions were overruled, and exceptions were taken. The appellant not being personally present in court, he and his sureties were, upon the motion of the prosecuting attorney, three times solemnly called, and he failing to answer, his recognizance was forfeited. Thereupon, the prosecuting attorney moved the court for a warrant for the arrest of the said appellant. The court ordered the warrant, and made the same returnable at the next regular term of said court, and the court increased the bail from five to fifteen hundred dollars. The court did not render any judgment on the verdict. On the 9th day of December, 1872, the court adjourned to the court in course.

The appellant was, by virtue of such warrant, arrested and placed in the jail of said county. On the 10th day of January, 1873, the appellant filed his petition, reciting the foregoing facts, and asked for a writ of *habeas corpus*. The petitioner, in his said petition, claims that his imprisonment was illegal and unlawful for the following reasons:

First. That there was no authority for holding the special term of said court, at which he was tried.

Second. That no notice was given, as required by law, for the holding of said special term of said court.

Third. That there was no authority for continuing said special term over and beyond the regular term of the Ripley Circuit Court.

Fourth. There was no authority for issuing the warrant upon which he was arrested and is now held in custody.

Fifth. That a change of venue having been granted from the regular judge of the circuit court, if the court in which he was tried was legal, then the judge who presided at such trial had exclusive jurisdiction of the case, and consequently had no power to issue a warrant and make it returnable to the regular term of the circuit court.

The judge refused to order a writ of *habeas corpus*, to which ruling the appellant excepted, and prosecutes his appeal to obtain a reversal thereof.

The important question in the case is, whether the court in which the appellant was tried possessed jurisdiction of the case, the solution of which depends upon whether the Ripley Circuit Court possessed the power, upon granting a change of venue, as to the judge, to set the case down before the judge called to preside, for trial in vacation.

The statute in relation to the granting of a change of venue in a criminal case is as follows:

"Sec. 75. Every criminal action must be tried in the county where instituted, except when otherwise provided in this act.

"Sec. 76. The defendant may show to the court by affidavit that he believes he cannot receive a fair trial, owing to the prejudice of the judge, or to excitement or prejudice against the defendant in the county, or some part thereof, and demand to be tried by disinterested triers." 2 G. & H. 406.

Section 77 of the criminal code, as amended by the act of December 20th, 1865, reads as follows:

"Sec. 77. When the objection is to the judge, in an action pending in the court of common pleas, the action may

be transferred to the circuit court of the county, and tried therein. When the objection is to the judge of the circuit court, any other circuit judge, or judge of the common pleas, may hold the court and try the cause." See acts of special session of 1865, page 158.

When the appellant filed his affidavit, alleging that he believed he could not obtain a fair trial, owing to the prejudice of the judge, such judge was imperatively required to grant the change of venue. The judge possessed no discretion in the premises. He was authorized to call any other circuit judge, or judge of the common pleas court, to hold the circuit court and try such cause either at that or a succeeding regular or adjourned term, which is regarded as a part of the regular term of such court, but the judge possessed no power to set such cause down for trial in vacation.

We have been referred to the first and second sections of the act approved March 1st, 1855, as authorizing the setting down for trial a cause in vacation, which reads as follows:

"Sec. 1. That whenever any judge of a circuit court shall have a pecuniary interest in, be a party to, or be related by kindred or marriage, or may have been of counsel to any party in any cause pending in the circuit court of any county of which he may be judge, it shall be lawful for such judge, in his discretion, to decline presiding during the trial of such cause, and if either party object to his presiding therein, he shall be deemed incompetent to preside during such trial.

"Sec. 2. Whenever any judge shall have declined, or may have been rendered incompetent to preside in any cause, for any of the causes mentioned in the preceding section, he shall appoint a time during the vacation of such court for the trial of such cause, and give at least ten days notice thereof to some other judge of a court of record, or if the parties litigant shall so desire, to some practising attorney of said court, mutually agreed upon by said litigants, and said judge or attorney so notified, shall, at the time designated by such disqualified judge, attend at the usual place of holding courts in such county, and preside in said cause,

and dispose of the same, subject to all the rules and regulations governing circuit courts in similar cases, with power to adjourn from time to time, until the business is disposed of." 2 G. & H. 9.

This court, in *Barnes* v. *The State*, 28 Ind. 82, held that the above act was general in its provisions, and embraced both criminal and civil actions.

In our opinion, the above act has no application to a case like the present, where there was a change of venue from the judge on account of his prejudice. The above act embraces four classes of cases.

First. Where the judge has a pecuniary interest in any cause pending in his court.

Second. Where the judge is a party to an action in his court.

Third. Where the judge is related by kindred or marriage to a party to an action in his court.

Fourth. Where the judge may have been of counsel to any party in any cause pending in his court.

The present case is not embraced by any of the above classes. We have been unable, after diligent search, to find any statute that authorizes the judge of a circuit court, upon a change of venue from the judge on account of his prejudice, to set the cause down for trial during the vacation of such court.

It necessarily and unavoidably results that Judge Moore, who was called by the judge of the circuit court to preside at the trial of the appellant, during the vacation of the circuit court, acquired no jurisdiction of the cause, and consequently all the proceedings had before, and all the orders entered by, him were absolutely void. The order of the circuit court granting the change of venue was valid, but the order setting the case down for trial during the vacation of such court, and all proceedings had before Judge Moore, were unauthorized and void.

The judge of the circuit court erred in refusing to grant the writ of *habeas corpus*. He should have issued the

writ and inquired into the cause of his caption and detention, and discharged, remanded, or held to bail, as might be deemed proper.

The judgment of the judge of the Ripley Circuit Court is reversed; and the cause is remanded, with directions to the said judge to order the writ, and for further proceedings in accordance with this opinion. The clerk is directed to certify this opinion immediately.

*M. K. Rosebrugh, J. W. Gordon,* and *J. Skeen,* for appellant.

*J. C. Denny,* Attorney General, for the State.