*F. M. Finch* and *J. A. Finch,* for appellees.

------------------o------------------

•

HADDON ET AL. *v.* HADDON.

PAROL AGREEMENT FOR CONVEYANCE OF REAL ESTATE.—*Part Performance.—Written Agreement.—Merger.—Statute of Frauds.—*Where a son, having a claim against his father for labor and for an interest in certain crops, agreed to and did release the claim, move upon certain land belonging to his father, cultivate the same, and make visible, lasting, and valuable improvements, upon the verbal promise by his father to convey the land to him, and after nine years residence and labor on the land, built a dwelling-house thereon, upon the receipt of a letter from his father, stating that if he would erect a building on the land, he should either be paid the value of the building and interest thereon, or a deed to the land should be made, at the option of the father;

*Held,* that the letter did not merge the parol promise previously made, the performance of which, by the plaintiff, took it out of the statute of frauds; and that the contract could be enforced after the death of the father, in an action against the other heirs to have the title of said son in the land declared.

APPEAL from the Sullivan Circuit Court.

BUSKIRK, J.—The original complaint in this action consisted of three paragraphs. The first and third sought a specific performance of a contract for the sale of real estate. The second sought a partition of certain lands, between the widow and heirs at law of Jesse Haddon, deceased, and that a certain tract of land should be assigned to the appellee, at its cash value in 1861, when he claimed to have purchased it, and without estimating the improvements which he had placed upon it. A demurrer was sustained to the complaint for a misjoinder of causes of action; and the second paragraph was ordered to be docketed and tried separately.

A demurrer, for the want of sufficient facts, was overruled to the first and third paragraphs of the complaint, and this ruling is assigned for error and presents the first question for our decision.

It is averred in the first paragraph of the complaint, that on the 19th day of January, 1870, Jesse Haddon, Sr., died intestate, leaving the plaintiff, his son, and the defendants, his widow, and sons, and daughters, and descendants of sons and daughters, him surviving; and that such persons were his legal and only heirs; that on the —— day of ——, 1861, the said decedent was indebted to the appellee in the sum of about five hundred dollars, for work and labor performed for him in the years 1858, 1859, 1860, and 1861, and for corn sold and delivered in said years, and for his interest in two crops raised by appellee upon the lands of the decedent; that in consideration of said debt and the natural love and affection which the decedent had for his said son, he agreed with plaintiff, that if he would release or relinquish his said debt of five hundred dollars, and all claims in and growing out of said crops, and would remove upon and improve the lands particularly described in the complaint, and which were then owned and possessed by the decedent, he would convey the same to the plaintiff; that the plaintiff accepted of said offer, and in performance of his part of said contract, released his said debt and relinquished all interest

in said crops, and immediately moved upon the said lands, and had, continuously therefrom, and down to the commencement of the action, continued to occupy, hold, and treat the same as his own; that during the time, he had so occupied the said premises, and under, and in pursuance of, said agreement, had greatly and permanently improved the same, by clearing, fencing, ditching, clovering, sinking wells, planting fruit-trees and shrubbery, and putting up buildings of the value of twenty-five hundred dollars; that the original agreement was in parol, and under such parol agreement all the improvements on said lands were made, except the building of the dwelling-house; that to induce the plaintiff to erect upon the said premises a new dwelling-house, the decedent executed and delivered to him a written instrument, a copy of which was filed with, and made a part of, the complaint; that under and in pursuance of said written instrument, he proceeded to and did erect and construct said house; that the said Jesse Haddon, Sr., had departed this life without having executed to the plaintiff a deed for said premises. The prayer was for a specific performance of said contract.

The third paragraph was in substance the same as the first. The written instrument referred to in, and made a part of, the first and third paragraphs of the complaint, was in these words:

"NEW LEBANON, September 12th, 1869.

"I suppose you are fearful that you may lose your labor of building a house on the place you are living on; I will just say to you, go on and build, and when done have it valued by workmen, and you shall have the full amount of the valuation and ten per cent. till paid or a deed to the land, deeded to you or your heirs at my option. Keep this as a guarantee or evidence in the case.

[Signed.]                          "JESSE HADDON."

The position assumed by counsel for appellants is, that the parol agreement made in 1861, and in pursuance of which all the improvements were made, except the erection of the

Haddon *et al. v.* Haddon.

house, was merged in the written agreement; and that it is not averred in the complaint that the house was erected and completed in pursuance of the written agreement.

The written agreement referred solely and exclusively to the building of the house, and had no reference to the acts which had been done under the parol contract. It is the settled rule, that all previous negotiations and parol contracts are presumed to be merged in a written contract relating to the same matter, but we know of no authority holding that the same rule would apply to acts of part performance done under a parol agreement, where the written agreement relates to other and different acts than those done under the parol agreement. In our opinion, the right of the appellee to a decree for specific performance does not depend upon the letter written by the decedent in reference to the building of the house. It was agreed, between the decedent and the appellee, in 1861, that if the appellee would release his debt against the decedent, and would move upon the premises in controversy, and make lasting and valuable improvements thereon, the decedent would convey such premises to the appellee. Under and in pursuance of such agreement, the appellee moved upon the premises, released his debt, remained in the open and undisturbed possession of the premises for nine years, and made lasting and permanent improvements, that were palpable and evident to the senses of all. The absolute and visible possession of the premises, the clearing of ten acres of land, the building of new, and the repair of old fences, the planting of several hundred fruit-trees, the sinking of wells, and the clovering of a considerable part of the farm, constituted such acts of part performance as clearly took the case out of the operation of the statute of frauds; and, in our opinion, the building of a house at the cost of twenty-five hundred dollars, under the written promise of the decedent, to either pay the cost of such building, with ten per cent. interest, or to convey the land, cannot be regarded as a waiver and abandonment of the parol contract, and the acts which had been performed

thereunder. The case of *Lobdell* v. *Lobdell*, 36 N. Y. 327, is much in point. In that case it was held, that a parol agreement between father and son that on condition the son would enter upon land (a certain tract) and improve it, the father would make him a deed for the same, in pursuance of which agreement the son did enter upon the land, occupy, and improve it, was sustained by a sufficient consideration, and was not within the statute of frauds. *Pearson* v. *East*, 36 Ind. 27.

It is very clear to us that both the first and third paragraphs of the complaint were good, and that the court committed no error in overruling the demurrer thereto.

There are other assignments of error, based upon the action of the court in receiving and excluding evidence, and in giving and refusing to give instructions, but none of these questions arise upon the record in this cause. There is no bill of exceptions in the record. The court gave the appellant thirty days time, which was beyond the term, in which to file a bill of exceptions. The clerk has copied into the transcript what he calls a bill of exceptions, but it is not signed by any judge or person assuming to act as such. It is not signed at all. The validity of a bill of exceptions depends upon the approval and signature of the judge. Sec. 346, 2 G. & H. 209.

Besides, there is nothing to show that the bill was filed within the time limited by the court. These objections are pointed out in the brief of appellee. No attempt has been made to amend the record. We are bound to assume that counsel for appellants have examined the brief of appellee, and know that the record speaks the truth. Any other presumption would do great injustice to the very able and careful attorneys for appellant. *Kesler* v. *Myers*, 41 Ind. 543.

The judgment is affirmed, with costs.

*S. Coulson, S. R. Hamill,* and *J. C. Denny,* for appellants.

*G. H. Voss, B. F. Davis,* and *J. A. Holman,* for appellee.