The Aurora Fire Insurance Co. *v.* Johnson.

THE AURORA FIRE INSURANCE COMPANY *v.* JOHNSON.

PRACTICE.—*Bill of Exceptions.*—*Motions and Affidavits.*—Motions, affidavits, and other papers cannot be made a part of the record by a reference in a bill of exceptions to a part of the transcript where they may be found.

SAME.—*Validity of Bill of Exceptions.*—The validity of a bill of exceptions depends upon the approval and signature of the judge.

INSTRUCTIONS.—*Presumed to be Correct.*—If, under any supposable state of the evidence, instructions given could have been correct, it will be presumed, the evidence not being in the record, that such evidence was given.

SAME.—*Record.*—Copying instructions given into a motion for a new trial will not make them a part of the record.

SAME.—*How Made Part of Record.*—An exception noted to the giving of an instruction at the end thereof and signed by the party excepting, or his attorney, is sufficient to make the instruction and exception a part of the record.

PRACTICE.—*Change of Venue.*—*Time of Trial.*—Where a cause was pending in a common pleas court, and a change of venue was taken from the judge, the court had power to fix a time in vacation for the trial of said cause.

JURISDICTION.—*Waiver by Appearance.*—Where a court has jurisdiction of the subject-matter of an action, an appearance to the action in the court to which a change of venue has been taken is a waiver of any objection to the jurisdiction over the person, or as to the regularity of the change of venue.

PLEADING.—*Complaint on Insurance Policy.*—*Description of Property.*—A complaint on a policy of insurance need not be more specific than the policy in the description of the property insured.

SAME.—*Interest in Property Insured.*—A complaint upon a policy of insurance should allege that the assured had an interest in the property insured, and to what amount, at the commencement of the risk and at the time of the loss, but it is not necessary to state the plaintiff's title to, or ownership in, the property.

SAME.—*Damage of Plaintiff.*—Where a schedule filed with a complaint on a policy of insurance sets out the items destroyed by fire and the value of each, as well as the aggregate value, the complaint will sufficiently show that the plaintiff has been damaged.

INSURANCE.—*Open Policy.*—*Over-Valuation.*—In an open policy of insurance, an over-valuation of the property insured is immaterial.

PRACTICE.—It is not error to sustain a demurrer to a paragraph of answer, when the same facts are admissible in evidence under another paragraph upon which issue is joined.

PLEADING.—*Insurance Policy.*—*Answer.*—*Fraudulent Statement of Loss.*—An answer to a suit on an insurance policy, that the plaintiff fraudulently stated the amount of loss to be greater than it was, without showing that the statement was made to the insurance company or its agent, or in any transaction in relation to the loss, is bad.

SAME.—*Permitting Loss.*—So, also, an answer alleging that the plaintiff negligently stood by and permitted the property to be consumed, and made no reasonable exertion to prevent the fire or save the insured property, is bad where it is not averred that it was within his power to have prevented the fire or loss of the property.

SAME.—*Inspection of Books and Papers.*—Where the conditions of a policy of insurance require the insured, in case of loss, to produce his books of account and other vouchers in support of his claim, and permit copies and extracts thereof to be made, whenever required in writing, an answer alleging a refusal to produce them, without alleging a request in writing, is bad.

SAME.—*Examination Under Oath.*—Where a policy of insurance makes it the duty of the insured in case of loss to submit to an examination under oath by the agent or attorney of the insurance company, an answer alleging generally a refusal to submit to an examination, without showing when or by whom the request was made, or that a time or place was named for such examination, is bad.

SAME.—*Reply.*—Where an answer to a suit on a policy of insurance covering materials and machinery used in manufacturing tobacco alleges that the risk had been materially increased by using the third story of the building occupied as a store-room for old boxes, casks, and rubbish, a reply that the boxes, etc., were used and were necessary materials in the business, and constituted a part of the risk insured against, is good.

SAME.—*Reply.*—*Excuse for not Producing Books.*—Where an answer to a suit on a policy of insurance alleges a failure on the part of the insured to produce his books and bills of purchases, etc., a reply that they were destroyed by fire shows a good excuse.

FOREIGN INSURANCE COMPANY.—*Certificate of Nearest Magistrate.*—*Statute.*— By the sixth section of the act of December 21st, 1865, 3 Ind. Stat. 315, a foreign insurance company cannot require a certificate of loss to be certified by the nearest magistrate.

From the Jefferson Circuit Court.

*J. Y. Allison* and *W. S. Friedley*, for appellant.

*H. W. Harrington* and *C. A. Korbly*, for appellee.

BUSKIRK, J.—This was an action by the appellee against the appellant, upon a policy of insurance, to recover damages alleged to have been sustained by the destruction, by fire, of the insured property.

The action was commenced in the Jefferson Common Pleas. The process was served upon the local agent. In that court an appearance was entered by such agent, and a rule was taken against the appellant to answer. Upon a subsequent day, the appellant entered a special appearance

by Allison & Friedley, her attorneys, and moved the court to set aside the appearance previously entered and to quash the writ; and in support of such motion certain affidavits were filed, and certificates as to the appointment of a local agent were read. The motion was overruled, and this ruling is assigned for error.

It is well settled, that such a motion and the affidavits and other papers read in support of it can only become a part of the record by a bill of exceptions. *Taylor* v. *Fletcher*, 15 Ind. 80; *The Indianapolis, etc., R. R. Co.* v. *Wyatt*, 16 Ind. 204; *Round* v. *The State*, 14 Ind. 493; *Thompson* v. *White*, 18 Ind. 373; *Whiteside* v. *Adams*, 26 Ind. 250.

The clerk has copied into the record what purport to be such motion, affidavits, and other papers. This did not make them part of the record. The clerk has also copied in the record what purports to be a bill of exceptions, but it is not signed by the judge. The validity of a bill of exceptions depends upon the approval and signature of the judge. 2 G. & H. 209, sec. 346; *Haddon* v. *Haddon*, 42 Ind. 378. Besides, if the bill had been properly approved and signed by the judge, it would not have put into the record the motion, affidavit, and other papers read, because they are not copied into what purports to be the bill of exceptions, but the blanks left are filled with references to the page of the record where such papers would be found. This did not make them a part of the record. *Kesler* v. *Myers*, 41 Ind. 543, and authorities cited. No question is presented in reference to such motion, as we cannot decide it without the evidence which was before the court below.

At this point, the appellant applied for and obtained a change of venue from the judge of the common pleas court, and the cause was set down for trial before the Hon. John G. Berkshire, judge of the circuit court, at a time named, in vacation of the common pleas.

At the time fixed, Judge Berkshire appeared and assumed jurisdiction of the case. The parties appeared, and the appellant demurred to the complaint, upon the grounds that

the court had no jurisdiction of the defendant, and that the complaint did not contain facts sufficient to constitute a cause of action. The demurrer was overruled, and the appellant excepted.

The appellant answered in thirteen paragraphs. The appellee demurred separately to all of said paragraphs, except the first, twelfth, and thirteenth. The demurrer was sustained to the fifth, sixth, seventh, eighth, and ninth paragraphs, and the appellant excepted, and was overruled to the second, third, fourth, tenth, and eleventh, and the appellee excepted. The appellant then filed substitutes for the said fifth and tenth paragraphs, and an additional paragraph numbered ten and one-half. This leaves for review here the action of the court in sustaining the demurrer to the sixth, seventh, eighth, and ninth paragraphs of the answer.

The appellee filed a reply consisting of ten paragraphs. The appellant demurred to all except the first. The demurrer was sustained as to the third, fifth, ninth, and tenth, to which the appellee excepted, and was overruled as to the second, fourth, sixth, seventh, and eighth paragraphs, and the appellant excepted.

The cause was submitted to a jury for trial, and resulted in the finding of a general verdict for the appellee and answers to special interrogatories. The court, over a motion for a new trial, rendered judgment on the verdict.

The evidence is not in the record, and consequently no question arises as to the sufficiency of the evidence to sustain the verdict or as to the correctness of the instructions given. It is settled by a long line of decisions in this court, that if, under any supposable state of the evidence, the instructions could have been correct, it will be presumed, the evidence not being in the record, that that state did exist. See the cases supporting the above proposition, collected in note *d*, on page 200, 2 G. & H.

Besides, the instructions are not properly in the record or properly excepted to. They are copied into the motion for a new trial, but there is no exception noted to the giving of

The Aurora Fire Insurance Co. *v.* Johnson.

each instruction at the end thereof and signed by the appellant or her attorneys. This would have been sufficient to have made the instructions and the exceptions thereto a part of the record. *The Jeffersonville, etc., Railroad Co.* v. *Cox,* 37 Ind. 325. The appellant, however, attempted to place the instructions and her exceptions thereto in the record by a bill of exceptions, but the clerk in making out the transcript, instead of copying the instructions into the bill of exceptions, has filled the blank intended for such insertion with a reference to the page of the transcript where they would be found. The copying of the instructions into the motion for a new trial did not make them a part of the record. *Gaff* v. *Hutchinson,* 38 Ind. 341. The reference to them in the bill of exceptions did not make them a part of the record. *Stewart* v. *Rankin,* 39 Ind. 161; *Kesler* v. *Myers,* 41 Ind. 543.

It is true the bill of exceptions says that the appellant excepted to the giving of certain instructions, but they not being in the record, we cannot know what they were, and the evidence not being in the record, we would be compelled to presume they were correct if applicable to any supposable state of the evidence.

This leaves for our determination the action of the court in overruling the demurrer to the complaint, the sustaining of the demurrer to the sixth, seventh, eighth, and ninth paragraphs of the answer, and the overruling of the demurrer to the second, fourth, sixth, seventh, and eighth paragraphs of the reply.

Did the court err in overruling the demurrer to the complaint? Two questions are presented by this demurrer:

1. Whether the court had jurisdiction of the defendant; and,

2. Whether the facts stated in the complaint were sufficient to constitute a cause of action.

When the demurrer was filed, the cause was pending in the common pleas, the court being held by Judge Berkshire, of the circuit court. It was admitted by the demur-

rer, and is conceded here, that the court possessed full juris-
diction of the subject-matter of the action. The question
sought to be raised is, whether, when the judge of the
common pleas granted the change of venue and called the
circuit judge to preside and try the cause, he possessed the
power to fix a time, in vacation, for the trial of said cause ?
Counsel for appellant state in their brief that the court did
not possess the power to fix a time in vacation for holding
said court for the trial of this cause, but no statute or
adjudged case is referred to in support of such proposition.
The granting of changes of venue in civil cases is governed
by section 207 of the code and section 208 as amended by
the acts of 1861, 2 G. & H. 154, 155. The seventh clause
of section 207 provides, that " when either party shall make
and file an affidavit of the bias, prejudice or interest of the
judge before whom the said cause is pending, the said court
shall grant a change of venue."

It is provided by section 208, as amended, that " upon the
granting of such change of venue for any of the causes men-
tioned in the first, second, sixth and seventh specifications of
section 207, the judge shall appoint a time to hold said trial,
which shall not be less than sixty days from that time ; or it
may be tried at the same term the change is made, and it shall
be his duty to call some judge of the court of common pleas,
circuit court, or of the Supreme Court, if such case be in
the circuit court, and if in the common pleas court any
judge of the Supreme, circuit, or common pleas court to try
said cause, who shall try or continue the same, or change the
venue thereof, as if it had originally been brought before him."

The above section in express terms gave to the court
below power to fix a time, in vacation, for the trial of said
cause. There seems to be no room to doubt that the action
of the court below was strictly in accordance with the stat-
ute. This ruling does not conflict with that in *Ex Parte
Skeen*, 41 Ind. 418. That was a criminal cause and was gov-
erned by a statute very different from the one above quoted
in reference to civil cases.

If, however, there had been any want of power to appoint a time, in vacation, for the trial of said cause, the question of jurisdiction over the defendant was waived.

It appears from the record that after the demurrer was overruled, the cause was, by agreement of the parties, transferred to the circuit court for trial, and that the parties appeared in that court and went to trial without any objection. The agreement of the parties entered in the common pleas court gave the circuit court jurisdiction of the person of the appellant, and the law gave it jurisdiction of the subject-matter of the suit. It is well settled that where the court has jurisdiction of the subject-matter of the action, an appearance to the action in the court to which a change of venue has been taken is a waiver of any objection of jurisdiction over the person or as to the regularity of the change of venue. *Bosley* v. *Farquar*, 2 Blackf. 61 ; *Wilson* v. *Coles*, 2 Blackf. 402; *Clark* v. *The State*, 4 Ind. 268; *Mahon* v. *Mahon's Adm'r*, 19 Ind. 324 ; *McDougle* v. *Gates*, 21 Ind. 65 ; *Judah* v. *The Trustees of Vincennes University*, 23 Ind. 272 ; *Cox* v. *Pruitt*, 25 Ind. 90; *Smith* v. *Jeffries*, 25 Ind. 376; *Garner's Adm'r* v. *Board*, 27 Ind. 323; *Street* v. *Chapman*, 29 Ind. 142 ; *Hamrick* v. *The Danville, etc., G. R. Co.*, 32 Ind. 347.

We proceed to inquire whether there was a deficiency in the statement of the facts of the complaint. It is claimed by appellant's counsel that the complaint does not sufficiently allege the interest of the appellee in the property insured and destroyed. The allegations of interest to be found in the complaint are as follows :

" That the plaintiff, on the 10th day of March, 1871, was interested in certain property in the city of Madison hereinafter more fully described, then in the plaintiff's possession, to the value of ten thousand dollars, and so continued interested until the destruction of said property as hereinafter alleged."

Again it is averred, " thirteen thousand dollars on *his* (plaintiff's) stock of manufactured and unmanufactured

tobacco," etc. The property is also described in the policy of insurance which was filed with and made a part of the complaint as *his* (Johnson's).

The policy in the present case does not enumerate specific articles, but covers classes of property, as stock of manufactured and unmanufactured tobacco, extracts, and machinery. The complaint need not be more specific in the description of the property insured than the policy. The proof will, of necessity, show the items of the loss and their value and the extent and nature of the interest. *Strong* v. *Manufacturers' Ins. Co.,* 10 Pick. 40; *Fletcher* v. *Commonwealth Ins. Co.,* 18 Pick. 419; *Locke* v. *North Amer. Ins. Co.,* 13 Mass. 61; *Smith* v. *Bowditch, etc., Ins. Co.,* 6 Cush. 448.

The complaint should allege that the assured had an interest in the property insured, and to what amount, at the commencement of the risk and at the time of the loss, but it was not necessary to state the plaintiff's title to or ownership in the property insured against loss by fire. *Gilbert* v. *The National Insurance Co.,* 12 Irish Law, 143; S. C.; 2 Bennett Fire Ins. Cas. 690; Phillips Ins., sec. 2020; *Granger* v. *Howard Insurance Co.,* 5 Wend. 200; Marshall Ins. 682; *De Forest* v. *The Fulton Fire Insurance Co.,* 1 Hall, 84; *Van Natta* v. *Mutual, etc., Insurance Co.,* 2 Sandf. 490; Angell Ins. 218, sec. 182; Phillips Ins., sec. 354.

An averment of interest became necessary after the wager of policies was prohibited. *Nantes* v. *Thompson,* 2 East, 385; *Buchanan* v. *Ocean Ins. Co.,* 6 Cowen, 332; Phillips Ins., sec. 2018.

In *Granger* v. *Howard Ins. Co., supra,* Mr. Chief Justice Savage met a similar objection thus:

"It is objected that the counts do not specify the nature or extent of the plaintiff's interest. In 2 Marshall, 682, it is said: 'The averment of interest in the insured may be either general or special; under a general averment of interest, the plaintiff may give in evidence any interest he may have in the thing insured; but if the interest be averred specially, it must be proved as stated. The general aver-

ment is therefore in most cases to be preferred.' The counts in this case are in the usual form, that the plaintiff was interested in the subject-matter insured to the amount insured; and was there no objection to the maintenance of the action by the plaintiff in his character of assignee, this point would be no bar to a recovery."

The complaint in the present action conforms to the precedent to be found in note 5 to section 404, 2 Greenleaf Evidence.

It is, in the second place, insisted that there is no statement that the rights of the appellee have been injured or destroyed, and nothing as to damages.

We think the objection is not sustained by the record. The complaint alleges, that " all of said property (fully described in schedule A, and filed herewith), was accidentally and by misfortune totally consumed by fire." The schedule referred to sets forth the property destroyed, by items, with the value set opposite in figures. The total value is nine thousand and seventy-two dollars. The notary's certificate is recited in the complaint, to the effect " that the plaintiff really and by misfortune has sustained by said fire loss and damage to the amount of the sum mentioned in said certificate, to wit, nine thousand and seventy-two dollars," etc. In the conclusion of the complaint, a judgment is demanded for the sum of thirty-one hundred dollars. The precedents do not contain any more definite allegations of loss and damage. The loss averred in the complaint is a total loss. The value of the property at the time of the loss is given in dollars and cents in the schedule which is made a part of the complaint. An interest in the insured property to the value of ten thousand dollars is set forth in the complaint, and its value alleged to be nine thousand and seventy-two dollars. The loss being alleged to be total, the damages sustained would be implied, were it not required by the code that where a recovery of money is demanded, the amount thereof shall be stated. Clause 4 of section 49 of the code, 2 G. & H.

76. This requirement was complied with in the present case.

In our opinion, the court possessed jurisdiction of the subject-matter of the action and of the appellant, and the complaint contained facts sufficient to constitute a cause of action, and, hence, the court committed no error in over-ruling the demurrer thereto.

We next inquire whether the court erred in sustaining the demurrer to the sixth, seventh, eighth, and ninth paragraphs of the answer.

The sixth paragraph was as follows:

" And for further answer, the said defendant says said plaintiff falsely and fraudulently represented at the time of the issuing of said policy, that said machinery used by him in manufacturing tobacco to be insured was of the value of two thousand five hundred dollars, when it was only of the value of nine hundred dollars, and falsely and fraudulently represented that said manufactured and unmanufactured tobacco was of the value of three thousand five hundred dollars, when it was only of the value of one thousand dollars; and falsely and fraudulently represented that his flavoring extract was of the value of seven hundred and fifty dollars, when it was only of the value of one hundred and fifty dollars; and said defendant, relying upon said representation at the time, issued the policy."

The policy upon which this action was based was not a valued but an open policy. The value at the time of the loss is expressly made the criterion. In a valued policy an over-valuation of the property is material, but in an open policy it is immaterial. In an open policy the company is only liable for the actual value of the property lost. A valued policy is a stipulation for liquidated damages. Phillips Ins., secs. 1178 and 1180; *Harris* v. *Eagle Fire Co.*, 5 Johns. 368; Bouvier Law Dict. 345; *Cox* v. *The Ætna Insurance Co.*, 29 Ind. 586. In the case last cited, it is expressly decided that in an open policy an over-valuation is immaterial.

The second paragraph of the answer alleged that the

plaintiff falsely and fraudulently represented that the value of the property insured was seven thousand five hundred dollars, when it was only worth two thousand five hundred dollars. This was, in substance, the same as the sixth, for under this paragraph the same evidence was admissible as under the sixth. The one was general, while the other was specific in the allegations of over-valuation, but the same evidence was admissible under the one as the other.

This case was, before its trial, consolidated with the case of this appellee against The Germania Insurance Co., and by agreement both were tried together. The jury rendered a general verdict and answers to interrogatories as to the value of each class of property lost, so as to ascertain if the losses covered or equalled the amount of both policies. The reason for the consolidation was, both policies were issued on the same day, in favor of the same person, on the same property, by the same agent, and had the same time to run. After the consolidation they were tried as one case. The general verdict was for five thousand one hundred dollars, but was divided as follows: Germania, two thousand four hundred dollars; Aurora, three thousand one hundred dollars. For these sums judgment was rendered.

It is obvious that the court committed no error in sustaining the demurrer to the sixth paragraph.

The seventh paragraph alleges that the appellee fraudulently stated as to said loss by fire that the whole amount of property owned by him lost in said fire covered by said policy was eight thousand six hundred and sixty-two dollars, when in truth and in fact the whole value of said property did not exceed three thousand dollars, and said plaintiff well knew the same.

It is not alleged that the statement was made to the appellant or her agent, or that the appellant was induced thereby to expend any money or do any act to her injury that she would not have otherwise done.

Nor is it alleged that such statement was made under oath in the schedule required by the policy, nor in the prelimi-

nary proof, nor in any transaction in relation to the loss.. The statement of loss after the fire does not increase the risk. There is no condition in the policy to which the paragraph can apply.

The eighth paragraph is as follows: "That the plaintiff negligently stood by at the time of said loss, and permitted said property embraced in said policy to be consumed and destroyed, and did not make any reasonable exertion to prevent said fire or save said property or any part thereof."

The above paragraph is exceedingly meagre and indefinite in its averments. There are no facts averred, but simply conclusions. It says the appellee negligently stood by.. What is meant by standing by? In another portion it avers that he did not make any reasonable exertion to prevent the fire or save the property. It is not averred that he could have prevented the fire or saved the property from loss. If he could have prevented the fire or saved the property from destruction, such conduct would have affected the measure of damages.. The use of the word "negligently" will not supply the omission to aver that it was in his power either to prevent the fire or loss of property. In the connection in which it is used, it has no legal meaning, nor does it state a fact.

The condition of the policy is not that defendant will not be liable for any loss, but provides the assured shall use his best endeavors to save, secure, and preserve the property, and. if he fails to do so, the insurer will not be liable to pay damages caused by any such neglect.

We think the answer was clearly bad.

The ninth paragraph is as follows: "And for a further answer defendant says, that said insured did not furnish certified copies of bills, invoices, or other papers, lost or destroyed, and did not and would not submit to an examination under oath touching said loss, and would not answer all questions touching such loss, though requested to do so, and. which was required by the conditions of said policy."

The eighth condition of the policy is as follows: "And whenever required in writing, the insured shall produce and.

The Aurora Fire Insurance Co. *v.* Johnson.

exhibit their books of account and other vouchers in support of the claim, and permit extracts and copies thereof to be made, and also to exhibit to any person named by this company or their agent, and permit to be examined by them, any property damaged or on which any loss is claimed, and that every facility be given them to do so, and the insured, their agent, or clerk shall also, if required, submit to an examination, under oath, by the agent or attorney of this company, and answer all questions touching his, her, or their knowledge of any thing relating to such loss or damage, and subscribe such examination, the same being reduced to writing, and till such proof, examination, declaration, certificates, and exhibition of damaged property are produced and permitted by the claimant when requested as above, the loss shall not be payable."

The eighth condition requires the insured, whenever required in writing, to produce and exhibit their books of account and other vouchers in support of their claim and permit extracts and copies thereof to be made. The paragraph under examination does not aver that the appellee was required in writing to produce such books and vouchers and permit extracts and copies to be made. There was no obligation resting on him to do so until so required in writing.

The next clause of such condition provides that the insured shall exhibit to any person named by the company or their agent, and permit to be examined by them any property damaged or on which any loss is claimed, and shall afford such person every facility so to do. The answer does not attempt to allege a failure to comply with the above condition.

The third clause makes it the duty of the insured to submit to examination under oath by the agent or attorney of the company. The answer avers in a very general way, that the appellee refused to submit to an examination under oath, but it does not aver when, or by whom, the request was made. It does not aver whether the request was made

The Aurora Fire Insurance Co. *v.* Johnson.

within sixty days from the loss, or whether it was before or after the suit was commenced. A demand made after the sixty days and after action brought is a nullity. Nor is it alleged that the request was made by an agent or attorney of the company. None other had the right to require such examination. Nor is any time or place named, when or where such examination was to take place.

We think the answer was bad.

In our opinion, the court committed no error in sustaining the demurrer to the sixth, seventh, eighth, and ninth paragraphs of the answer.

This leaves for our decision the questions arising upon the overruling of the demurrer to the second, fourth, sixth, seventh, and eighth paragraphs of the reply.

The second paragraph was intended as a defence to the matters set up in the paragraph of the answer numbered twelve, which was a substitute for the tenth paragraph. That paragraph alleged that the risk had been materially increased by using the third story of the building insured as a store-room for old boxes, casks, and rubbish. The second paragraph of the reply alleged that the boxes, goods, and materials referred to were materials commonly used and necessary for storing, packing, shipping, and receiving tobacco and carrying on the business of manufacturing, buying, and selling tobacco, and were used in said business and constituted a part of the risk insured against.

The learned counsel for appellant have not pointed out any objection to this paragraph of the reply, and we think none exists. We think it good.

The fourth paragraph of the reply is addressed to the answer numbered ten and one-half, but there is no such paragraph in the record. The record says: "Come the parties and defendant files amended fifth paragraph of answer herein, which reads as follows, to wit: (See page 39, line 20, to page 39, line 30); and a substituted tenth paragraph of answer: (See page 41, line 26, to page 42, line 14); and an additional tenth and one-half paragraph of answer: (See page 42,

line 15, to page 43, line 4) ; and an additional twelfth para-graph of answer :   (See page 40, line 10, to page 40, line 20).   And plaintiff is ruled to reply."

The clerk says the twelfth paragraph is substituted for the tenth, and that the thirteenth is substituted for ten and one-half.   But the tenth is in the record, and alleges that the plain-tiff failed to give written notice of the loss as required by the policy.   The thirteenth alleges that the plaintiff insured in another company without the consent of the defendant. The twelfth is the only paragraph of the answer which alleges that the risk was increased by using the upper story for a store-room, by the adjoining building being used for a printing office, and by another building which was adjoin-ing being used as a carpenter's shop, where doors, window frames, and sash and other inflammable lumber were stored, and that plaintiff failed to give defendant notice.   The fourth paragraph of the reply alleged that the printing office was placed in the adjoining building with the knowledge and consent of the local agent of the appellant.   The objection to the reply is, that it assumes to answer the whole para-graph of the answer but only answers a part, because no reference is made to the adjoining building being used as a carpenter's shop and for the storage of inflammable lumber. If the reply was addressed to the twelfth paragraph, the objection would be well taken, but it is addressed to ten and one-half, and assumes to be in bar of the entire answer, and as that paragraph is not in the record, we cannot say, and have no right to assume, that it related to any thing but the printing office.   There is a reply in denial to the twelfth paragraph of the answer.

Under the facts stated, we cannot say that the fourth par-agraph of the reply was bad for assuming to be in bar of the whole paragraph of the answer, when in fact it only constituted a defence to a part of it.

The eleventh paragraph alleges that the plaintiff failed and refused to produce his books and bills of purchase, etc.

The sixth paragraph of the reply alleged, as an excuse for

such failure, that they were destroyed by the fire. . This was a good excuse.   The reply was good.

The seventh paragraph of the reply is addressed to the answer numbered ten and one-half, and says that the plaintiff had no knowledge that said adjoining building was used for the storage of inflammable materials.   Inasmuch as such paragraph of the answer is not in the record, we cannot determine any thing as to the seventh paragraph of the reply.

The eighth paragraph of the reply is adddressed to the ninth paragraph of the answer.   As we have seen, a demurrer was correctly sustained to that paragraph of the answer. It is, therefore, wholly immaterial whether the reply was good or bad.   But we presume it was really intended for a reply to the tenth paragraph, which alleges that the certificate of the loss was improperly certified.   It was certified by a notary public, instead of by the nearest magistrate. The reply alleged that the defendant was a foreign insurance company, and that a certificate by the nearest magistrate was no longer required by the statute.

The sixth section of the act of December 21st, 1865, regulating foreign insurance companies, provides, that " no such insurance company shall insert any condition, in any policy hereafter issued, requiring the insured to give notice forthwith, or within the period of time less than five days, of the loss of the insured property ; nor shall any condition be inserted in such policy, requiring the insured to procure the certificate of the nearest justice of the peace, mayor, judge, clergyman, or other official, or person, of such loss, or the amount of such loss ; and any provision or condition contrary to the provisions of this section, or any condition in said policy, inserted to avoid the provisions of this section, shall be void, and no condition or agreement, not to sue for a period less than three years, shall be valid." 3 Ind. Stat. 315.

The policy upon which the action is founded was executed on the 10th day of March, 1871, and consequently was gov-

erned by the provisions of the above quoted section. Under such section, the reply was good.

We have thus gone through the entire record and have examined and passed upon every question arising in the record, and have reached the conclusion that no such error intervened as would justify us in setting aside the verdict of the jury and the judgment of the court below and awarding a new trial.

The judgment is affirmed, with costs.