Blizzard *v.* Riley, Administratrix, *et al.*

---

No. 9394.

BLIZZARD *v.* RILEY, ADMINISTRATRIX, ET AL.

ASSIGNMENT OF ERROR.—*Practice.*—An assignment that the court erred "in entering judgment against the appellant" is not specific enough to present any question in the Supreme Court.

BILL OF EXCEPTIONS.—*Instructions.*—A bill of exceptions which indicates a place for the instructions thus "(h. i.)" and then follows "(for which instructions see page 67, and following, of this record. Clerk.)" does not make the instructions a part of the record.

SAME.—*Judge's Signature.*—A bill of exceptions not having the judge's signature is no part of the record.

DRAINAGE.—*Verdict.*—Under the act of 1875 (Acts 1875, Reg. Sess., p. 97), a verdict on appeal from the county board, in proceedings to establish a drain, which finds that the proposed work will be "conducive to the public health, convenience and welfare, and will be of public utility," was sufficient without finding that the work was necessary.

From the Carroll Circuit Court.

*G. O. Behm, A. O. Behm, J. A. Sims* and *F. W. Coombs,* for appellant.

BLACK, C.—This was a proceeding under the act of March 9th, 1875 (Acts 1875, Reg. Sess., p. 97), to cause to be made a ditch to drain and reclaim certain lands in the counties of Carroll and White.

Proceedings were instituted in both of said counties. The petitions for the establishment of the ditch were filed by the appellee James H. Moore, and Levi Riley, the other appellee's intestate.

The appellant, whose land would be affected by the making of the ditch, appeared before the board of commissioners of each county and moved to dismiss the proceedings. These motions having been overruled, he filed an application before each board for damages, because of the construction of the ditch; and the proceedings before each board of commissioners resulted in the establishment of the ditch and the denial of damages to the appellant.

He thereupon appealed to the circuit court in each county. The death of said Levi Riley having been suggested, and the administratrix of his estate having been substituted in each court, the cause in the White Circuit Court was transferred to the Carroll Circuit Court, where the causes were consolidated and tried by a jury. The verdict was as follows:

"We, the jury, find for the appellees, and that the proposed drain or ditch will be conducive to the public health, convenience and welfare, and will be of public benefit and utility; and we find that the appellant Blizzard is not entitled to any compensation for lands or damages by the construction of said proposed work."

The appellant filed a written motion for a venire de novo, assigning as the ground thereof that the verdict was imperfect and insufficient in law, and that it did not find upon all the issues that the jury were required to find upon.

This motion having been overruled, the appellant filed a motion for a new trial. The court took the motion under advisement until the next term, when it was overruled, and judgment was rendered in accordance with the verdict, the appellant being then given time extending beyond that term in which to file a bill of exceptions.

The appellant has assigned errors as follows:

"1. In overruling appellant's motion for a venire de novo.

"2. In overruling appellant's motion for a new trial.

"3. In entering judgment against appellant."

We will examine these assignments in inverse order. The last assignment in not sufficiently specific to present any question. Busk. Pr. 111, 112.

The causes stated in the motion for a new trial were: *First.* That the verdict was not sustained by the evidence. *Second.* That the verdict was contrary to law. *Third.* The refusal of the court to give to the jury certain instructions, as asked by the appellant. *Fourth.* The giving by the court of certain instructions. *Fifth.* The refusal to allow the appellant to be examined as a witness, and to testify that he would be damaged by the construction of said ditch in a certain sum.

By a bill of exceptions filed within the time given as above stated, it was only sought to save exceptions to the giving of certain instructions and to the refusal to give others. No instructions given or refused are set out therein. When the bill was signed by the judge, a place for the instructions given was indicated by the initials of the words "here insert," in parenthesis, and immediately thereafter, in another parenthesis, is the following: "For which instructions see page 67, and following, of this record. Clerk."

The instructions could not thus be made a part of the record. *Aurora, etc., Co.* v. *Johnson,* 46 Ind. 315, 319 ; *Kesler* v. *Myers,* 41 Ind. 543 ; *Stewart* v. *Rankin,* 39 Ind. 161 ; *Miles* v. *Buchanan,* 36 Ind. 490.

There is in the transcript what is also called a bill of exceptions, containing certain instructions, but this bill is not signed by the judge or by any person assuming to act as judge. It therefore can not be regarded as a valid bill. Section 346 of code of 1852 ; *Haddon* v. *Haddon,* 42 Ind. 378 ; *Aurora, etc., Co.* v. *Johnson, supra.*

It was not attempted in any manner to set forth the evidence, or to show a refusal to permit the appellant to testify, or a refusal to permit the introduction of any evidence. Nor was it attempted, except by the bill of exceptions and the so-

called bill mentioned, to show that the instructions, for the giving and the refusal of which a new trial was asked, were given or refused, or to set forth said instructions. No other reasons need be stated for holding that no question under the motion for a new trial is before us.

It is urged on behalf of the appellant, that the verdict was insufficient, because the jury did not find that a necessity existed for the establishment of the drain.

The supposed insufficiency of the verdict is inferred by counsel because of the provision of section 4 of said act, that if the proposed work be found " to be necessary and conducive to public health, convenience or welfare, or of public benefit or utility," it shall be established.

By reference to the verdict above quoted, it will be plainly seen that the jury found the existence of facts which, under this provision of the statute, were sufficient, and more than were required, for the establishment of the drain.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be and it is hereby affirmed, at the appellant's costs.