The opinion of the court was delivered by
TilgiimaN, C. J.
TheplaintifPs claim is for atotallossonthe goods consigned to him, and this claim is resisted by the defendants on two grounds — 1st. That there was a double insurance. 2d. That if the plaintiff sets up a special, insurable interest, in himself, he ought to have made it known to the underwriters when he gave the order for insurance.
1. The first thing that strikes us in this transaction is, that itis perfectly fair on the part of the plaintiff. He paid the premium which was asked, on .an insurance for 2500 dollars, and he certainly had reason to think that he had an interest to that amount. There was no evidence of his having had any knowledge of the insurance effected by Field in New York on his own account, and if so, and the insurance made at the office of the defendants was for himself, there is nothing in the case hke a double insurance. A double insurance, is where the same person has insurance made on the full value of his interest, in different policies. Whether made in his own name, or the name of others, is immaterial, so that he is to have the benefit of both policies¿ Such would have been the case, if after insurance made in New York'on account of Field, another insurance on the same object had b.een made here, also on his account, in the name of the plaintiff. But the fact was otherwise. The insurance made by the defendants in the name of the plaintiff, was intended by the plaintiff to be for his own benefit. Whether he had an interest which warranted an insurance for himself, is a question to be considered hereafter. For the present, it is to be supposed that he had, and then, the insurance made at New York, and that made here, being on account, and for the benefit of different persons, there was not a double insurance..
2. But had the plaintiff an insurable interest? There is no diffi-ciilty in answering that question. He certainly had At the time of effecting the insurance, he had the written engagement of Field, to consign to him, goods to the amount of the sum insured, which were to.be purchased by Field, in ludia’, with the money to be received there, for his commissions. This is the well known course of trade. The consignees received their commissions in cash, at the *108 end of the outward voyage, which they invest in goods to be brought home. This is what was meant by the proceeds of said commissions. The plaintiff had not only the covenant of Field to consign the goods to him, but in case of his death, an assignment of all his commissions on the whole voyage, and the proceeds thereof. And it seems, Field was anxious to comply with his engagement. For although he embarked on the homeward voyage, yet he took care to consign the goods to the plaintiff. The policy underwritten by'the defendants was valued on the commissions, out, and open on the proceeds thereof home. It lay upon the plaintiff to prove the amount of his interest on the homeward voyage, and he did so. He had an interest in the goods consigned to him, to their full amount, for they fell short of his debt. But it is objected, (and that is the only point that has had any weight with me,) that he ought to have disclosed to the defendants the particular nature of his interest. This case has been likened to an insurance on a bottomry, or respondentia interest, which cannot be covered by an insurance on goods. The law is so, without doubt, but the cases are not parallel. These are contracts, which, in case of loss, exclude the insurer from all possibility of benefit of salvage, and therefore he ought not to be drawn into them blindfold. But the interest of the plaintiff was in the goods. The least that can be said, is, that he had a lien on them to their full amount. In the case of Carruthers v. Sheddon, (6 Taunt. 14.) it was decided, that where one of several partners, made insurance on. goods, he might recover beyond his share of the goods, to the amount of all advances made by him for the benefit of the other partners, and for which he had a lien on the cargo. The present policy was in the name of the plaintiff, and distinctly pointed out the object of insurance, viz. Field’s commissions out, and the proceeds of them home. The defendants must have known that it was very possible for the plaintiff to have an interest in these commissions and their proceeds, and the policy was so drawn that there could be no recovery without proof of interest. The New York company compromised on their poli--ey, so that nothing is to‘be inferred from the payment made by them. I will only remark, that the holder of that ^policy might have found some difficulty in recovering at law, as it would have been incumbent on him to prove the interest of Field, which might not have been so easy a task, had the underwriters been fully apprized of all that had passed between Field and the plaintiff. On’ the whole, I am of opinion, that the plaintiff is entitled to .recover!