By the Court. Sandford, J.
The principal question raised by the demurrer, is whether the plaintiff) who insured the cargo of a canal boat, can recover upon proof of interest as a common carrier. It was decided by the King’s Bench in Crowley v. Cohen, (3 B. & Ad. 478,) that the interest of a carrier in goods carried by him, was covered by a policy insuring goods in canal navigation boats, without any other description of the particular interest intended to be covered. The insurance was on “ goods as interest might appear,” but the case did not turn upon this clause. It was placed on the broad ground, that the subject matter of the insurance is to be properly described, but the nature of the interest need not be specially set out in the *495 policy; that being a matter which bears only on the amount of damages.
The principle of this case is adopted by Mr. Phillips, in his Treatise on Insurance, (1 Phill. Ins. 173;) and an analogous principle had been applied in this court, four years previous to Cronley v. Cohen, to an insurance effected by a commission merchant, on goods in his possession for sale. (De Forest v. The Fulton Fire Insurance Company, 1 Hall’s R. 84.) The very elaborate judgments given in that case, render it unnecessary for us to enlarge upon the reasons for permitting the assured to recover the value of his special interest on an insu- - ranee of the entire subject matter. The chief justice in his illustrations, (p. 110,) puts the precise case before us, of a common carrier, insuring the goods entrusted to him.
The objections made to this doctrine, will be briefly noticed.
1. That the carrier has not a proprietary interest in the cargo. This is equally applicable to a factor who has not made advances, so far as it is founded in law.
2. The policy, it is said, contemplates an abandonment ; whereas the carrier has no interest to abandon ; the only consequence of this is, that there can be no constructive total loss, and it is therefore in favor of the assurer.
3. The policy also contemplates the benefit of salvage and of substitution, neither of which can be had in respect of the interest of a carrier. As to the salvage, it is evident, that where the recovery can only be for actual loss, the assurer will have the full benefit of all salvage, in the diminished amount of such loss. And as to the substitution, none arises in consequence of the very restricted extent of the risks assumed. This leads us to speak in connection, of the fourth and fifth objections, which are, that many of the risks insured against are inapplicable to the interest of carriers, such as the perils of the river and canal navigation ; and that the risks excepted, are the identical risks for which the carrier is liable to the owner, such as theft, robbery, barratry, undue lading, and want of ordinary care and skill in the navigation.
Both of these positions showhow exceedingly restricted was the liability which the assurers assumed in favor of the carrier. In *496 deed, their counsel stated that the only risk they incurred, was that of fire. All these stipulations form a part of the policy; but we are to bear in mind that a single printed form of the policy, is in practice, applied to all cases falling within one class, as for example, to all insurances on cargo ; and the uniform course is to construe them liberally, in respect of the actual interest and subject matter insured. If it were shown that the omission to describe the true interest of the applicant, led to the assumption of risks beyond those incurred by a simple description of the subject matter; it might possibly furnish a good defence, as being a misrepresentation or concealment. But there is hardly a conceivable case, in which an insurance of the particular, special, or qualified interest in goods, will subject the assurer to a greater hazard, than he would incur, by insuring the same goods for the absolute owner. There is no possible ground for believing that a greater risk was incurred in the instance before us ; and we have no doubt that the plaintiff’s loss was covered by the policy.
The averment of the plaintiff’s interest is sufficient. In the second count, it is more specific than was requisite by the common law rules of pleading.
The liability incurred, is also sufficiently set forth. A loss by. fire through misfortune, falls upon the carrier. (Gould v. Hill, 2 Hill, 623.) The counts state that an amount of goods exceeding that mentioned in the policy, was entrusted to the plaintiff as carrier, and was consumed by fire, and that he thereby became liable to pay to the respective owners, a greater sum than that insured. It was not necessary to aver actual payment by the plaintiff to the owners. And we think, considering the dates and circumstances, the averment made suffices for the actual value of the goods when destroyed; if indeed, any averment beyond the carrier’s liability to pay five thousand dollars for them, was necessary.
The presenting the preliminary proofs is stated in the two first counts. The proofs were those adapted to the interest of the assured. The third count is defective in omitting the allegation as to the preliminary proofs.
It was also objected to the third count, that it contained no *497 averment of interest. In fact, it contains the usual general averment of interest, instead of the statement of the particular interest disclosed in the other counts. In this respect, the count is good. Whether it can be supported by evidence of the special interest as common carrier, we need not determine. (See Granger v. Howard Insurance Company, 5 Wend. 202.)
The plaintiff is entitled to judgment on the demurrers to the first two counts, and the defendants are entitled to judgment on the demurrer to the third count of the declaration. The defendants may plead to the two former, and the plaintiff may amend the latter,"within twenty days; without costs to either party.