By the Court, E. Darwin Smith, J.
The justice who tried this action finds that the policy of insurance upon which this action was brought was issued to the plaintiff upon his application, and upon the payment by him of the premium, in the name of William Tallan & Co., the owners of the farm upon which was situated the dwelling-house insured; that the policy contained a proviso in the words following: “Loss, if any, first payable to ~E. B. Pratt, as his interest may appear /” that the plaintiff, at that time, had a mortgage upon said real estate for $7,500. That having foreclosed said mortgage, and acquired title to said premises, on the sixth day of May, 1871, and before said policy had expired, the plaintiff called at the office of the defendant’s agents, at Syracuse, and informed their clerk, who was acting for them, of such foreclosure and sale, and that he had ber come the purchaser of the same, and asked consent of said agents to the effect that said policy might stand as security for his interest in said dwelling-house; that said clerk then and there - consented that said policy should so stand and remain, and informed the plaintiff that it was all right, and the proper entry thereof would be made in the books kept by such agents.
Upon these facts, I think the court at Special Term correctly held that the plaintiff was entitled to recover upon the policy.
In Flanders on Fire Insurance, 371, section 18, it is said that “Where an estate is sold, and the policy transferred to the purchaser, and upon notice to the insurer, and he assents to it, a new and original contract of indemnity arises to the assignee, which he may enforce by suit in his own name. The policy in such case expires with the transfer of the title to the estate, but the assent of the insurer to the assignment of the policy constitutes a new contract. (Wilson v. Hill, 3 Metc. 66. Foster v. The Equitable Ins. Co., 3 Gray, 219.”)
The principle of these cases applies in this case. The *584 policy of insurance was originally issued to the" plaintiff ; was in his possession from the time it was issued; and Icy force of the proviso that payment of the loss, if any, should be first made to him, was, in legal effect, assigned to him at the time it was issued. The agreement that it should continue as security for his interest in the dwelling was a virtual revival of the policy in his favor. The agreement was equivalent to the issue of a new policy to him at the time of the notice, upon the terms and conditions specified in such policy. The unearned premium was a good consideration for such agreement; and an agreement by parol was sufficient to make such policy valid in his hands, within the cases of Audubon v. The Excelsior Ins. Co., (27 N. Y. 222,) and Shearman v. The Niagara Fire Ins. Co., (46 id. 530.)
[Fourth Department, General Term, at Rochester,
April 1, 1873.
Mullin, Talcott and E. D. Smith, Justices.]
After the transfer of their estate by the sale and conveyance of the premises to the plaintiff, the interest of Tallan & Co. in said policy ceased. As they had no longer any interest in the premises, or the policy, and had sustained no loss, they could make no proper proofs of loss. The plaintiff was the only person to make such proofs; and the proofs made by him, it seems to me, were entirely sufficient, under the facts of the case as found by the judge. The case was correctly disposed of at the Special Term, and the judgment should be affirmed.