## THE WESTCHESTER FIRE INSURANCE COMPANY

### v.

### THOMAS J. FOSTER.

1. PARTIES—*who may sue upon policy of insurance.* On a policy of insurance issued to A and B against loss by fire, which contains a provision, " loss, if any, first payable to A as his interest may appear," where B paid no part of the premium and was not aware the policy had been issued, A may maintain an action in his own name for any loss he may sustain. The person who pays the premium and to whom the loss is payable is the proper party to sue for the loss.

2. INSURANCE—*double insurance as avoiding policy.* Both the mortgagee and mortgagor have a separate insurable interest, and the fact that the mortgagor has a prior insurance upon his interest will not defeat a policy afterwards taken on the same property by the mortgagee in the names of both, when the loss is made payable to the mortgagee and the mortgagor is not aware of its issue. To constitute a double insurance the two policies must not only be for the benefit of the same person and on the same subject, but also for the same entire risk.

3. SAME—*clause against use for hazardous business, etc.* An occasional occupation of a room of a building insured, by a carpenter in his business, is not such a violation of a clause in a policy which forbids that during the term of insurance, the premises should be used for any trade or business denominated hazardous, as will defeat a recovery in case of loss. An occasional day's work by a carpenter in a part of the house will not avoid such a policy.

4. SAME—*burning by one not interested in policy.* The fact that a person having no interest in a policy of insurance caused the building insured to be burned, without the knowledge or assent of the assured, can not affect the right of the latter to recover for the loss.

5. WITNESS—*competency of wife as to declarations of her husband.* In an action by a policyholder to recover for a loss by fire, the wife of a third party is not admissible to prove the declarations of her husband which tend to prove that he caused the building to be burned.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. E. & A. VAN BUREN, for the appellant.

Messrs. GWYNN & GARNETT, for the appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by Thomas J. Foster, against the Westchester Fire Insurance Company, upon a policy for $1000 on a dwelling house in Chicago. The policy was issued to Thomas J. Foster and C. Baumhard, but it contained the following provision: "Loss, if any, first payable to Thomas J. Foster as his interest may appear."

It is first claimed by appellant that the contract is with Foster and Baumhard jointly, and that Foster can not maintain an action alone. Baumhard paid no part of the premium, nor was he aware that the policy had been issued; he was connected in no manner whatever with the transaction. The contract was made between the insurance company and Foster; he paid the premium and the insurance was made solely for his benefit. The loss, by the terms of the policy, was payable to Foster, and we are aware of no principle in pleading or the law of contracts which would deprive the person to whom the loss was payable from sustaining an action in his own name. This question has been raised in other courts, and the decisions seem to be uniform in holding that the person who pays the premium, and to whom the loss is payable, is the proper party to sue for the loss. *Insurance Co.* v. *Chase,* 5 Wall. 509; *Moltey* v. *Manufacturers' Insurance Co.* 29 Me. 337; *Chamberlain* v. *The N. H. Fire Insurance Co.* 55 N. H. 249; *Jefferson Insurance Company* v. *H. & D. Cotheal,* 7 Wend. 73.

In the New Hampshire case, *supra,* Chamberlain held a mortgage on the premises insured to secure $600. He obtained a policy for $1000 on the house, in the name of the mortgagor, and paid the premium. By the terms of the policy the loss was payable to Chamberlain. It was there said: "The general rule, therefore, applies, and I am not aware that it admits of any exception, that the person to sue for a breach of a simple contract must be the person from whom the con-

sideration for the promise moves.  *  *  *   Although the promise is, in terms, to White (mortgagor), it is also, in terms, a promise to pay to Chamberlain; and in law it is to be regarded as a promise directly to Chamberlain."

In *Pratt* v. *N. Y. Central Insurance Co.* 64 Barb. 589, the policy insured the mortgagor, but made the loss payable first to the mortgagee.  This was held to be, in legal effect, an assignment of the policy to the mortgagee at the time it was issued.  This case falls directly within the principle of the case cited from New Hampshire, and the rule there announced meets our approval.

Appellant has cited the case of *St. Paul Fire and Marine Insurance Co.* v. *Johnson,* 77 Ill. 598, as an authority sustaining his view of the case.  The language of the policy in that case was different from the language used here, but even in that case the court declined to express an opinion on the point whether the person to whom the policy was payable could use in his own name.

The policy in suit contained the following provision: "If the assured shall have or shall hereafter make any other insurance on the property hereby insured, or any part thereof, without the consent of the company written hereon, this policy shall be void."

It appeared, from the evidence, that Baumhard had a policy on the property at the time the one involved in this case was issued, and upon this ground it is contended by appellant that this policy is void.  Foster held a mortgage on the property insured, which had been executed by Baumhard.  As mortgagee, he held an insurable interest in the property.  As mortgagor, Baumhard had an interest which he had a right to have insured.  Each of these parties had a right to take out a separate policy.  *Honore* v. *Lamar Fire Insurance Co.* 51 Ill. 409.

It will be observed that Baumhard paid no part of the premium for the policy in question, nor did he know that it had been issued, nor was it for his benefit or payable to him.

Did the fact, therefore, that he had a policy when this one issued, in any manner affect the validity of the policy in question? If Foster had held a policy at the time this one issued, it is no doubt true the clause referred to would have been violated. But Foster, the insured, had no insurance on the property, nor were his rights in any manner affected by the insurance that Baumhard had effected. As mortgagee, he had a right to a policy on his interest in the property, and as he paid for the policy, and obtained it without the knowledge or consent of the mortgagor, he was not affected by any prior insurance. To constitute a double insurance, the two policies must not only be for the benefit of the same person and on the same subject, but for the same entire risk. *Pitney* v. *Glen Falls Insurance Co.* 61 Barb. 335; *Tyler* v. *Ætna Insurance Co.* 12 Wend. 515; *Tuck* v. *Insurance Co.* 56 N. H. 326; *Wells* v. *Phila. Insurance Co.* 9 Serg. & Rawle, 103; *Woodbury S. B.* v. *Charter Oak Insurance Co.* 31 Conn. 518; *Columbia Insurance Co.* v. *Lynch,* 11 Johns. 233.

The instruction of the court in regard to the use of the building as a carpenter shop, is claimed to be erroneous. The instruction was as follows:

" If the jury believe, from the evidence, that there was only an occasional occupation of the premises for carpenter work, that does not vitiate the policy under the fifth condition of the policy; and the jury is instructed, that in order to vitiate the policy under that condition, there must have been an actual occupation of the rooms for the trade, business or vocation of a carpenter's shop for some time previous, and up to the time of, the fire."

The prohibition contained in the policy, in regard to the use of the premises for a carpenter shop, declared : " If during the insurance, the above mentioned premises shall be used for any trade, business or vocation denominated 'hazardous,' or ' extra hazardous,' in the second class of hazards printed on the back of this policy, the policy shall cease and be void."

It does not appear that the building had been converted into one in which the carpenter's trade was carried on, nor that the premises were used for a trade or business of any kind. The house was occupied as a dwelling. A carpenter, it is true, had done some work in one room of the building, but the small amount of work of that character can not be regarded as a violation of the terms of the policy. It is not an occasional day's work by a carpenter in a part of the house which would render the policy void, but if the premises should be converted into a place where a trade, business or vocation was carried on, then it might properly be held that the policy would no longer be in force. This view is apparent from another provision of the policy which expressly provides that carpenters may work in the house five days in any one year, repairing the same. If it had been the intention of the contracting parties to render the policy void in case any carpenter work should be done on the premises, certainly this provision expressly authorizing work of that character would have been omitted. We do not regard the instruction as erroneous, but, under the facts of this case, we consider it proper. *O'Neil* v. *Buffalo Fire Insurance Co*, 3 N. Y. 122.

It is also contended the evidence tended to prove that the building was burned by Baumhard, and the instructions of the court on this branch of the case were erroneous. Baumhard had no interest in the policy. It was payable to Foster, and he alone could recover upon it, and if it was true that Baumhard caused the building to be burned, without the knowledge or assent of Foster, Foster's rights could not be affected by the unlawful acts of Baumhard.

It is also urged, that the court erred in excluding the testimony of Mrs. Baumhard in regard to the declarations of her husband, which tended to prove that he caused the building to be burned.

Under sec. 5, chap. 51, Rev. Stat. 1874, the evidence was not admissible.

Other objections have been urged to the decision of the court

in giving instructions for the plaintiff and modifying those of the defendant, but what has already been said substantially disposes of the questions raised.

So far as the record shows, the case was fairly submitted to the jury, and we perceive no ground to disturb the judgment, and it will be affirmed.

*Judgment affirmed.*