## Traders Insurance Co. v. Pacaud & Co.

1. INSURANCE—*In Whose Name Suit to be Brought.*—Where an insurance policy contained the following clause—"The Traders Insurance Company of Chicago, in consideration of $87.50, do insure J. H. Million against loss or damage by fire to the amount of $3,500 on grain, the assured's property, or held by assured in trust or on commission, or sold but not delivered, while in the Kakoka Elevator at Kakoka, Missouri, loss, if any, payable to A. L. Pacaud & Co., as interest may appear," *it was held* that a suit against the company in case of a loss was properly brought in the name of A. L. Pacaud & Co.

2. INSURANCE—*Statement as to Ownership of Property Insured.*—It is not often that an assured is or can be the sole and unincumbered owner of any property. Property of all kinds is for the greater portion of each year incumbered by liens for taxes, water and other rents, special assessments, etc. Substantial accuracy in this regard, truthful statement, honest dealing is all that is required.

3. INSURANCE—*Acceptance of Premium—Estoppel.*—Where an insurance company accepted and retained the premium paid for the insur-

Traders Ins. Co. v. Pacaud & Co.

ance, never offering to return it, a jury will be warranted in finding that the company is estopped to urge that it had never incurred any liability.

4.  Insurance—*Insurable Interest.*—Where a policy of insurance provided that the loss, if any, was to be paid to a person as his interest might appear, if at the time of the loss he had no interest in the property insured, or if its destruction was then, to him, a matter of pecuniary indifference, he can not recover.

5.  Insurance—*Contributing Insurance.*—Contributing insurance is insurance of the same property interest.  A mortgagor may insure his interest, a mortgagee, his, each being upon the same building is not of the same property and does not contribute.

Gary, J., dissents.

Memorandum.—Action on a policy of insurance.  Appeal from the Superior Court of Cook County; the Hon. James Goggin, Judge, presiding.  Heard in this court at the October term, 1893, and affirmed.  Opinion filed February 1, 1894.

The statement of facts is contained in the opinion of the court.

Schuyler & Kremer, appellant's attorneys.

Appellees' Brief, Robert Rae, Attorney.

It takes slight evidence in a case of this kind, where a party has received the price of insurance from an agent, to establish the agency where the company, after the receipt of the premium, attempts to escape all liability by setting up the defense that the agent was not its agent, but was the agent of the assured.  Gosch v. Ins. Co., 44 Ill. App. 265; Ins. Co. v. Barrel Co., 114 Ill. 99; Ins. Co. v. Scammon, 110 Ill. 168; Pierce v. People, 106 Ill. 13; Ins. Co. v. Clapp, 93 Ill. 96; Ins. Co. v. Ward, 90 Ill. 545.

Mr. Justice Waterman delivered the opinion of the Court.

This was a suit brought by appellees upon a policy of insurance issued by the defendant to them.  The policy read in part as follows: "The Traders Insurance Company of Chicago, in consideration of $87.50, do insure J. H. Million

against loss or damage by fire to the amount of $3,500 on grain, the assured's property, or held by assured in trust or on commission, or sold but not delivered, while in the Kahoka elevator at Kahoka, Missouri, loss, if any, payable to A. L. Pacaud & Co., as interest may appear."

Prior to, and at the time this insurance was effected, and the loss thereunder occurred, J. H. Million had a warehouse and was engaged in buying and storing grain at Kahoka, Missouri. The business was carried on in the name of Million & Bott; Mr. Million furnished the capital and Mr. Bott looked after the business. Mr. Bott's only interest in the business was one-half of the profits which might be made therefrom, which was to be paid to him in lieu of salary. The plaintiffs had been making advances to Million & Bott to enable them to purchase grain, and at the time of the insurance and loss, had advanced to them something over $6,000, for which they held warehouse receipts issued by Million & Bott, covering 6,000 bushels of corn and 2,000 bushels of wheat.

The loss was a total one, and the value of the grain for which appellees held warehouse receipts, amounted to more than the total insurance held by them, which was $5,000. Million & Bott, at the time of the fire, also held insurance policies in various companies amounting to $5,200, on the grain and other property in the said elevator. These insurance policies held by Million & Bott were, after the loss, assigned to the plaintiffs. The fire occurred on the 16th of December, 1890, and on the 22d day of the same month the proofs of loss delivered to appellant, were made out.

In the proofs of loss furnished by appellees to appellant, a statement was made of the insurance taken out by Million & Bott in their own name, and made payable to them, this proof of loss having been furnished to appellant on the 22d day of December; on about the 16th of January, or some thirty days after the insurance was effected, the premium was paid by plaintiffs to appellant and by it received without objection.

In the suit below appellant defended on the grounds, first,

that this suit should have been brought in the name of Million & Bott as owners of the property, and can not be maintained by appellees; and also upon the ground that Million & Bott were the owners of the property, and that therefore the ownership was incorrectly described in the policy, it speaking of J. H. Million as the owner. The policy contained the following among other provisions:

First. That "if the interest of the assured in the personal property be other than its unincumbered and sole ownership without such fact being indorsed upon the policy, the same shall be void."

Second. That "in case of any other insurance upon the property hereby insured, whether valid or not, or made prior or subsequent to the date of this policy, assured shall be entitled to recover of this company no greater proportion of the loss sustained than the sum hereby assured bears to the whole amount so insured thereon. * * * Any insurance, floating or otherwise, attaching in whole or in part to the property covered by this policy, shall, as between the insured and this company, be considered as contributing insurance for the full amount thereof, and liable as such to pay *pro rata*, any loss, total or partial, on the property hereby insured."

We think that the action was properly brought in the name of appellees. By the terms of the policy the loss is payable to them. They had the right to demand the amount of the loss, and appellant would have been justified in paying them the same. Indeed, under the terms of this policy, appellant could not have acquitted and discharged itself by a payment to J. H. Million or Million & Bott. The Rich & Ontario Navigation Co. v. T. & M. Ins. Co., 58 Mich. 132; Hathaway v. The Orient Ins. Co., 134 N. Y. 409; May on Insurance, Sec. 447; Westchester Fire Ins. Co. v. Foster, 90 Ill. 121; Scammon v. Niagara Fire Ins. Co., 114 Ill. 490.

It is more seriously contended that the interest of J. H. Million was not unincumbered and that he was not the sole owner of the insured property, and that therefore no re-

covery can be had.   The clause of the policy as to ownership
is not to be construed as something that must be stated
with technical accuracy by the party taking out the insur-
ance.   It is required that the policy shall contain a substan-
tially truthful statement of the ownership of the property;
and we think that under the evidence the description of the
property as that of J. H. Million was substantially accurate;
that such was the way that an ordinarily intelligent busi-
ness man knowing all the circumstances of the relations
existing between Million and Bott, would have spoken of
this property.   Mr. Bott had not any interest in this grain
other than such as his agreement with Mr. Million, that in
lieu of salary he was to have one-half the profits, gave to
him.   This did not make him the owner of the grain.   It
merely gave him an interest in what was done with it; and
he does not seem to have regarded himself as an owner, but
as he was, an employe, who was to be paid a share of the
profits instead of receiving a fixed salary.

Had the policy run to Million & Bott we think appellant
might with much force have contended that such statement
was incorrect.   More especially is it true in this case that a
technically accurate statement of the interest of Million or
Million & Bott, in this property, is not a matter of the
highest consequence.   It is not the loss which they or either
of them have or had sustained on account of this fire; it is
the loss falling upon appellees by reason of their interest in
the property destroyed which is under consideration.

If in the complete and absolute sense the interest of the
assured must be the "sole and unincumbered ownership,"
very seldom if ever, could, in ease of loss, a recovery be had
under this policy or one containing a similar provision.

It is not often that an assured is or can be the sole, un-
incumbered owner of any property; property of all kinds is
for the greater portion of each year incumbered by liens
for taxes, water and other rents, special assessments, etc.

Substantial accuracy in this regard, truthful statement,
honest dealing is required.   Smith's Mercantile Law, 8th Ed.
405; In re Universal Fire Ins. Co., L. R., 19 Eq. 485; May
on Insurance, Sec. 276.

By the proofs of loss prepared on December 22d, appellant had full notice of all it now claims as to the interest of Million & Bott, or of Bott in the grain stored at Kahoka. Yet about the 16th of the following January, it received, accepted and still retains the premium paid for this insurance, which it now insists has never been of any effect.

It does not appear that appellant has ever offered to return the premium so paid to it, but while retaining the $87.50 paid to it for this insurance, it sets up that its policy is and ever has been in no wise binding upon it.

Under the circumstances of the reception and retention of this premium, the jury were warranted in finding appellant estopped to urge that it had never incurred any liability.

Appellants also insist that the policies in other companies taken out in the name of Million & Bott, and payable to them, are what is known as contributing policies, and that a recovery can be had in this case for the proportion, only, which the loss sustained by the plaintiffs bears to the entire insurance, that held by Million & Bott or Million for his or their benefit, and that issued to and held by plaintiffs for their benefit.

It is insurance upon the "property insured" that is to contribute. The property insured by the policies taken out by the plaintiffs was their interest in certain grain. The loss, if any, was to be paid to them as their interest might appear. If at the time of the fire they had no interest in the grain, if its destruction was then, to them, a matter of pecuniary indifference, they can not recover anything.

There was no other insurance on such property, viz., the interest of plaintiffs in this grain. Million or Million & Bott had an interest in this grain, and they took out insurance thereon, but their interest was not the same property as the interest of plaintiffs.

Contributing insurance is insurance of the same property interest. A mortgagor may insure his interest, a mortgagee his, each being upon the same building is not of the same property and does not contribute. Niagara Fire Ins. Co. v. Scammon, 144 Ill. 490–501; McMasters v. Ins. Co., 55 N. Y.

22; Titus v. The Ins. Co., 81 N. Y. 415; Fox v. Ins. Co., 52 Me. 333; Phillips on Ins., Sec. 359.

The thing itself, a property interest in which is the subject of fire insurance, is often in common parlance and sometimes by courts spoken of as that which is insured. All fire policies, so far as we have observed, certainly all now under consideration, are only of the interest of some one in certain property, and the respective companies are liable only to the extent of such interest, without reference to the fact that the value of the property destroyed may be many times greater.

The policies taken out in the name of Million & Bott having after the fire been assigned to plaintiffs, they offered to assign them to appellants, thus giving appellants the full benefit of the insurance, which they insist is to be treated as contributing insurance.

We find in this record no error requiring a reversal of the judgment of the court below, and it is affirmed.

MR. JUSTICE GARY dissents.