## Emma Kelley for Use of J. Y. Chisholm, Trustee, Appellee, v. People's National Fire Insurance Company, Appellant.

1. INSURANCE—*other insurance.* Where a policy of insurance issued to a mortgagor provides that if any other insurance is obtained on the property without the consent of insurer the policy shall be void, it is not avoided by the fact that the mortgagee has a policy issued without the knowledge of mortgagor and afterwards promises the mortgagor that he will have it cancelled.

2. INSURANCE—*mortgagee and owner may both insure.* The mortgagee and owner of property each have a separate and distinct insurable interest in the property and either may obtain insurance upon such interest and it does not thereby amount to double insurance.

3. INSURANCE—*where insurance by mortgagee is without the consent of the owner.* In an action on an insurance policy, the fact that a mortgagee has the property insured by another company without the knowledge of plaintiff the owner does not limit defendant's liability to a proportionate share of the loss.

4. INSURANCE—*where judgments are a lien on the property.* In an action on an insurance policy, the fact that judgments were obtained which became a lien on the property does not change the title to the property or prevent plaintiff from recovering the insurance.

5. EVIDENCE—*assessed value of property.* In an action to recover insurance defendant is not permitted to show assessed value of plaintiff's property as shown by assessment returned to the county treasurer.

Appeal from the Circuit Court of McLean county; the HON. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed April 18, 1913.

FREDERICK A. BROWN and WILLIAM R. T. EWEN, JR., for appellant; RAYMOND S. PRUITT, of counsel.

FITZ HENRY & MARTIN and LESLIE J. OWEN, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action upon a fire insurance policy issued by the defendant to plaintiff who sues for the use of J. Y. Chisholm, trustee in bankruptcy. Plaintiff Emma Kelley was the owner of a piece of property in Leroy, McLean county. Defendant, through its agent, issued to her a policy for $2,000 on the building and $1,000 on its contents. At the time of the issuing of this policy, it was mortgaged to one Leslie J. Owens, trustee, in the sum of $600; defendant was notified of this mortgage at the time of the issuance of the policy; this mortgage contained the usual clause that the mortgagor should keep the same insured for the benefit of the trustee. Having received no policy of insurance with this mortgage, the trustee, under this clause of the trust deed or mortgage, caused a policy to be issued by another company and immediately notified plaintiff of his action in that regard. Plaintiff in turn immediately notified the trustee Owens that she had caused a policy of insurance to be issued and requested him to cancel the policy he had secured. He agreed to cancel the policy which he had secured, but failed to do so. Plaintiff had no knowledge that this policy had not been canceled until after the fire. It was not issued at her request or with her knowledge. After the issuing of the policy by the defendant company to the plaintiff proceedings were commenced by Owens, the trustee, to foreclose the mortgage, and soon thereafter numerous creditors of plaintiff obtained judgments upon their claims. The policy issued by the defendant company provided that if the insured was not the sole and unconditional owner of the property then the policy should be void, it also provided that if any other insurance could be obtained upon the property without

the consent of the defendant, this should also void the policy, or that in any event if any such additional insurance should be obtained, whether valid or not, that defendant should be liable only for its proportionate share of the loss of the total amount of insurance. While the foreclosure proceeding was in progress the loss occurred, and plaintiff filed a petition in bankruptcy. She, however, made no claim upon the policy issued to Owens as trustee, and has never recognized or made any claim under it. The trustee in bankruptcy prosecutes this action against defendant in the name of the plaintiff for his use for the benefit of the creditors.

Defendant filed numerous special pleas to the action, claiming that the plaintiff was not the sole and unconditional owner of the property at the time of the issuing of the policy; that foreclosure proceedings had been commenced for the purpose of foreclosing the mortgage; that prior to the happening of the loss the title to the insured property was vested in J. Y. Chisholm, trustee in bankruptcy, without the consent of the defendant; that plaintiff had failed to furnish defendants with proofs of loss; and that the policy was void by reason of the additional insurance provided without consent of defendant.

Issue was joined upon these pleas and trial had, which resulted in a judgment against defendant for $2,300, from which it appeals.

Numerous errors are assigned on this record, but we will only consider those that have been argued, as all others are, by reason of the failure to argue them waived.

The first point urged is that the policy became void by reason of the securing of additional insurance on this property. The burden of proof was upon the defendant to show this, and they have failed to sustain this plea. The record discloses that plaintiff had no knowledge of the issuance of this policy, but that immediately upon knowledge thereof directed that the

same should be canceled, and relying upon the statements of Mr. Owen who had secured it, and who was an attorney at law, supposed it had been canceled. Plaintiff cannot be held responsible either for the issuing of this policy or the failure to cancel it, and aside from this, the law is well settled in this state that the mortgagee and owner of the property each have separate and distinct insurable interest in the property and either may obtain insurance upon such interest, and it does not thereby amount to double insurance. *Westchester Fire Ins. Co. v. Foster,* 90 Ill. 121.

The contention that the defendant company was not to be liable for any greater amount than its policy should bear the whole of the insurance, whether valid or not, cannot be sustained for the reason that that condition in their policy must be held to apply only to policies of insurance taken out by the insured or with her consent or knowledge, and under the evidence as disclosed by this record, it is shown conclusively that the rule insisted on by defendant cannot be applied.

Upon the contention that the beginning of the foreclosure proceedings by the trustee rendered the policy void, we have examined the abstract and we find in neither abstract nor counsel's brief, any such condition, and where counsel fail to properly abstract the record, we decline to go to the record for the purpose of hunting up questions that may be argued when the abstract fails to disclose the evidence relied on.

Upon the contention that the plaintiff had not the sole ownership of the property, the only reason for this contention in the argument is by reason of the judgments recovered against the plaintiff, and we know of no law, and have been cited to no authority by counsel that will hold that the recovery of judgments renders property on which the judgment is a lien other than in the unconditional and sole ownership of the person who holds the fee title.

Vol. CLXXXI 10.

Defendant also insists that the taking of the judgments was such a change of title as will defeat the policy. We do not know whether this question is argued seriously or not, but if the taking of a judgment against the insured is to invalidate the policy without an express condition in the policy that it shall do so, we are compelled to hold that the taking of a judgment does not change the title to the property.

The court did not err in refusing to permit defendant to show the assessed value of plaintiff's property for taxation as shown by the assessment returned to the county treasurer.

We find no error in this record, the judgment is affirmed.

*Affirmed.*